WILLIAM SMITH v. EATON COUNTY SUPERVISORS.

*Mandamus to recognize official status.*

Where a municipal charter provided that the supervisor of the city should "with the mayor, represent the city in the county board of supervisors," mandamus was granted to compel the board to recognize him. And where it was claimed that the provision was an inadvertence, the fact that for three years the mayor's predecessors had not gone to law to compel the recognition of their right to sit with the board, was not entitled to much weight as a contemporary construction of the charter.

Mandamus. Submitted Jan. 27. Granted Jan. 28.

*John M. Corbin* for relator.

*H. F. Pennington* for respondent.

PER CURIAM. The relator applies for a mandamus to require the board of supervisors of Eaton county to recognize his right to sit and act as a member of the board.

The twenty-second section of the charter of Eaton Rapids provides that the supervisor of the city " shall, together with the mayor, represent the city in the county board of supervisors, and shall be entitled to the same rights, privileges and powers as any other member of the board of supervisors for Eaton county." Local Acts 1881, p. 194. The relator is mayor of Eaton Rapids, but the board, by formal resolution,

has declined to recognize his claim to sit, act and vote as a member.

For the respondents it is claimed that the charter was not intended to give the right now claimed ; that the bill as drafted proposed to give the right, but was so amended in its passage as not to give it, and that the passage quoted from section 22 was left, in the charter as passed, through inadvertence. We do not think the fact alleged is conclusively made out by the legislative records, and we cannot therefore accept it. We must assume the charter was intended to be passed as we now find it. And, as it now stands, it plainly gives the right claimed.

The fact is stated that the predecessors of the relator have not hitherto insisted upon the right; and this is supposed to have an important bearing on the question of construction of the charter. But all that appears is that for three years parties have abstained from instituting legal proceedings; and we do not think it of much importance. Contemporary construction of a statute, if general and acquiesced in by all parties concerned, is entitled to respect; but the period of acquiescence is very short here, and the showing that the construction by the board was received as correct is very slight.

The writ should issue.